IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

**FILED**

No. 5:08-CT-3023-BO

SEP **2 3** 2010

DENNIS P. IAVARONE, CLERK
US DISTRICT COURT, EDNC
BY ____ DEP CLK

JOHN N. LOWERY, )
      Plaintiff, )
)
      v. )     O R D E R
)
BOYD BENNETT, et al., )
      Defendants. )

Plaintiff, a state inmate, brought this action pursuant to 42 U.S.C. § 1983. The complaint

was filed in the Western District of North Carolina, however, on February 12, 2008, it was

transferred to this district. On April 15, 2008, the court entered a frivolity order dismissing the

claim for discrimination based on the allegation no female officers are assigned to plaintiff's cell

block. The court also ordered plaintiff to amend his complaint against defendants as to the

remaining claims, a claim for infringement of his right to practice religion and a claim of cruel

and unusual punishment which were subsequently allowed to proceed. On March 18, 2010, the

court entered an order granting, in part, and denying, in part, defendants' motion to dismiss based

on qualified immunity. Now before the court are two motions for appointment of counsel (D.E.

# 27 and # 32) and a motion for a mediate settlement conference (D.E. # 35).

The motions for appointment of counsel are denied. There is no constitutional right to

counsel in civil cases absent "exceptional circumstances." Cook v. Bounds, 518 F.2d 779, 780

(4th Cir. 1975); Whisenant v. Yuam, 739 F.2d 160, 163 (4th Cir. 1984), abrogated on other

grounds by Mallard v. United States Dist. Court for the S. Dist. of Iowa, 490 U.S. 296, 300 n.3

(1989). The existence of exceptional circumstances depends upon "the type and complexity of

the case, and the abilities of the individuals bringing it." Whisenant, 739 F.2d at 163 (quotation omitted). The case does not appear to present exceptional circumstances and the motions are denied at this time (D.E. # 27 and # 32).

The motion for mediated settlement coference is likewise denied. Local Rule 101 does "not limit the plenary, discretionary authority of the presiding judge over all aspects of alternative dispute resolution procedures in cases before the judge, including whether to use any alternative dispute resolution procedure, the type of procedure used, and the sequence, timing, and other requirements governing any procedure used." This matter is not appropriate for alternative dispute resolution. Plaintiff is pro se and a scheduling order with motions' deadlines, yet to run, have been filed.

Accordingly, the motions for appointment of counsel (D.E. # 27 and D.E. # 32) and the motion for mediated settlement conference a(D.E. # 35) are DENIED.

SO ORDERED, this the 22 day of September 2010.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE

2