IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:08-CT-3023-BO

| | |
|---|---|
| JOHN N. LOWERY, )<br>　　　　Plaintiff, )<br>　　　　　　　　　　)<br>v. 　　　　　　　　　)　　**ORDER**<br>　　　　　　　　　　)<br>BOYD BENNETT, et al., )<br>　　　　Defendants. ) | |

John N. Lowery, a state inmate, filed this pro se 42 U.S.C. § 1983 action in the Western District of North Carolina. The matter was transferred to this district (D.E. # 12) and on March 18, 2010, an order was entered which granted defendants' motion to dismiss based on qualified immunity as to Count I (First Amendment and RLUIPA claims) and denied defendants' motion as to Count II (Cruel and Unusual Punishment) and Count III (Deliberate Indifference) (D.E. # 26). Defendants are now before the court with a motion for summary judgment (D.E. # 38) as to the two remaining claims; however, the claims shall be considered together. It now appears to the court that the deliberate indifference discussion is an argument by plaintiff to support allegations of injury resulting from the cruel and unusual punishment. Specifically, the hip and back injury he asserts is related to the confiscation of the mattress. Plaintiff has responded, and the matter is ripe for determination.

A.　<u>Allegations</u>

Plaintiff complains that on April 6, 2007, while housed in the Hcon Unit at Polk Correctional Institution he created a disturbance by tapping on the glass. Plaintiff "tapped" on the glass because he had been given the wrong meal tray. Because of this behavior he was placed in full restraints for three hours, his cell was thereafter searched and his property was removed, including

his mattress, bedding, books, shower shoes, and toilet tissue. He was confined for 10 days dressed only in shorts and a tee-shirt sleeping on the cold slab, forbidden from changing clothes and eating only peanut butter. A shower was in his cell, however, he had to shower in his bare feet and request toilet tissue when necessary. He was offered exercise, but refused it because he would only have been allowed to exercise in his bare feet and in full restraints.

He claims each defendant knew what the Standard Operating Procedures were and had copies of them, but did not follow the guidelines. He also claims that defendant Bennett's liability arises as Director of Prisons who is responsible for the overall operation of the Department. Defendant Rowland is named as the superintendent of Polk responsible for reviewing all administrative appeals and legally responsible for the operation procedures. Defendant Walser is named as the Assistant Superintendent of Custody/operations in charge of the supervision and discipline of all correctional staff. Defendants Addington and Sherrod are named for dispatching an officer during each of their respective shifts to search plaintiff's cell.

On April 6, 2007, defendants were "all managerial or supervisory correctional personnel." On this date plaintiff was designated a High Security Maximum Control (Hcon) Inmate. Hcon "is the isolation of close custody felons inmates that pose, or continue to pose, an imminent threat or health of other inmates or staff." An inmate is placed into Hcon after having been found guilty of a major disciplinary infraction, given notice and an opportunity to be heard, and evaluated by mental health and medical to ensure the inmate can "tolerate the assignment." "No inmate with a formal diagnosis of serious mental disorder or mental retardation may be assigned to Hcon unless approved by the Division of Mental Health Director."

On April 6, 2007, Polk Correctional Institution's Standard Operating Procedures provided inmates who have caused a cell disturbance to be placed on cell restrictions. Such restrictions may include but are not limited to daily cell searches, restraints while exercising, and management meals.

B.  Motion for Summary Judgment

Summary judgment is appropriate when, after reviewing the record taken as a whole, no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247 (1986). The party seeking summary judgment bears the initial burden of demonstrating the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 325 (1986). Once the moving party has met its burden, the non-moving party may not rest on the allegations or denials in its pleading, but "must come forward with specific facts showing that there is a genuine issue for trial." Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986) (quotation omitted & emphasis removed). A trial court reviewing a summary judgment motion should determine whether a genuine issue of material fact exists for trial. Anderson, 477 U.S. at 249. The court construes the evidence in the light most favorable to the non-moving party and draws all reasonable inferences in the non-movant's favor. See Matsushita, 475 U.S. at 587.

Defendant asserts qualified immunity which concludes the matter. Government officials are entitled to qualified immunity from civil damages as long as "their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982). The Fourth Circuit has recognized a two-pronged qualified immunity inquiry. First, the court must "decide whether a constitutional right would have been violated on the facts alleged." Bailey v. Kennedy, 349 F.3d 731, 739 (4th Cir. 2003). Second,

3

assuming the right is violated, "courts must consider whether the right was clearly established at the time such that it would be clear to an objectively reasonable officer that his conduct violated that right." Id. "The relevant dispositive inquiry in determining whether a right is clearly established is whether it would be clear to a reasonable officer that his conduct was unlawful in the situation he confronted." Saucier v. Katz, 533 U.S. 194, 202 (2001), receded from by, Pearson v. Callahan, _ _ U.S.___, 129 S. Ct. 808 (2009). A court has discretion to decide which step in the two-prong test to analyze first. Pearson, 129 S. Ct. at 821.

On the dates at issue before this court, it was clearly established that the Eighth Amendment forbade the "unnecessary and wanton infliction of pain" against inmates. Whitley v. Albers, 475 U.S. 312, 319 (1986) (internal quotation marks omitted). Not every infliction of pain is forbidden, however, and prison officials may apply force to an inmate "in a good faith effort to maintain or restore [prison] discipline." Id. at 320 (internal quotation marks omitted). However, where prison officials use force "maliciously and sadistically for the very purpose of causing harm," an Eighth Amendment violation has occurred. Id. at 320-21 (internal quotation marks omitted).

Section 1983 does not establish a system of vicarious responsibility. Ashcroft v. Iqbal, _ U.S. ___, __, 129 S. Ct. 1937, 1948 (2009). As recently observed in Lewis v. Tripp, 604 F.3d 1221, 1227 n. 3 (10th Cir. 2010), the Supreme Court's decision in Iqbal "has generated significant debate about the continuing vitality and scope of supervisory liability . . . in § 1983 suits. . . ." However, as in Lewis, "we need not stake out a position in this debate today," because defendants' neither personally violated plaintiff's constitutional rights, nor directed others to do so, nor was deliberately indifferent to the fact that a constitutional violation was occurring. Hooks v. Regents of University of California, 394 Fed. App'x 522, 536 (10th Cir. 2010).

4

Case 5:08-ct-03023-BO   Document 45   Filed 03/09/11   Page 4 of 5

The North Carolina Department of Correction ("DOC") has a compelling governmental interest in maintaining security, discipline, and order. See McRae v. Johnson, 261 Fed. Appx. 554, 558 (4th Cir. 2008) (per curiam) (unpublished); Hines v. South Carolina Dep't of Corr., 148 F.3d 353, 358 (4th Cir. 1998). However, plaintiff's claim is not that Hcon procedures were misapplied, but that the procedures were not followed in his specific case. He does not allege systemic abuse or maltreatment of other inmates. Plaintiff acknowledges he caused a disturbance or was "taping" on his observation window to get the attention of the officers due to the fact he was not served a "vegan special management meal." When he did not get the response he felt appropriate, he yelled and "tapped" on the observation window at the same time. Plaintiff acknowledges that the tapping was in violation of policy.

Because of the disturbance, plaintiff was disciplined. There is nothing before the court suggesting, the discipline was done for the purpose of inflicting "unnecessary and wanton infliction of pain." Whitley v. Albers, 475 U.S. 312, 319 (1986) (internal quotation marks omitted). The evidence before the court, it that the discipline was undertaken "in a good faith effort to maintain or restore [prison] discipline." Id. at 320 (internal quotation marks omitted), not "maliciously and sadistically for the very purpose of causing harm," which does violate the Eighth Amendment. Id. at 320-21 (internal quotation marks omitted). Defendants are entitled to qualified immunity.

Accordingly, defendants' motion for summary judgment based on qualified immunity is GRANTED and the clerk is DIRECTED to close the case.

SO ORDERED, this the 9 day of March 2011.

TERRENCE W. BOYLE
United States District Judge